**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 10-cv-2007-WJM

AUDREY M. BACA,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

---

**ORDER REVERSING ADMINISTRATIVE LAW JUDGE'S DECISION AND
REMANDING TO COMMISSIONER**

---

    This is a social security benefits appeal brought under 42 U.S.C. § 405(g). Plaintiff Audrey M. Baca ("Plaintiff") challenges the final decision of Defendant, the Commissioner of Social Security ("Commissioner"), denying her application for supplemental security income benefits. The denial was affirmed by an administrative law judge ("ALJ"), who ruled Plaintiff was not disabled within the meaning of the Social Security Act ("Act"). This appeal followed.

    For the reasons set forth below, the ALJ's denial of benefits is reversed and the case is remanded to the Commissioner for rehearing.

## I. BACKGROUND

    In 2006, Plaintiff filed an application for supplemental security income benefits. (A.R. 98.) Plaintiff originally claimed her disability onset date to be her date of birth,

August 23, 1986, but it was later amended to January 26, 2006.[1] (A.R. 17.) Plaintiff was nineteen years old at the time she applied for benefits.

Plaintiff claimed disability due to a learning disability and depression. (A.R. 87.) Plaintiff completed tenth grade in special education courses but did not graduate and has not obtained her General Equivalency Diploma. (A.R. 91.) Plaintiff's only prior work experience was as a painter for a youth program. (A.R. 88.) Plaintiff has a limited ability to read and write. (A.R. 87.)

Plaintiff's application for benefits was originally denied on April 19, 2006. (A.R. 43.) Plaintiff filed a request for hearing before the ALJ and an initial hearing was held in June 2007. (A.R. 367-92.) A month later, the ALJ affirmed the denial of Plaintiff's claim. (A.R. 43-49.) Plaintiff requested review by the Appeals Counsel and the Appeal Counsel eventually remanded by the case to a different ALJ. (A.R. 49-52.)

Administrative Law Judge Peggy S. Ball held a supplemental hearing on May 11, 2009. (A.R. 393-412.) On the November 3, 2009, ALJ Ball issued a written decision in accordance with the Commissioner's five-step sequential evaluation process.[2] At step

---

[1] The Record is inconsistent as to what Plaintiff claims as her date of onset of disability. It is referred to both as January 21, 2006 (A.R. 414) and January 26, 2006 (A.R. 17). Because this makes no difference in the Court's analysis, the Court will refer to her onset date as January 26, 2006, the date used in the ALJ's Decision. (A.R. 17.)

[2] The five-step process requires the ALJ consider whether a claimant: (1) engaged in substantial gainful activity during the alleged period of disability; (2) had a severe impairment; (3) had a condition which met or equaled the severity of a listed impairment; (4) could return to her past relevant work; and, if not, (5) could perform other work in the national economy. *See* 20 C.F.R. § 404.1520(a)(4), 416.920(a)(4); *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988.) The claimant has the burden

one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 12, 2006, the date Plaintiff filed her application. (A.R. 19.) At step two, the ALJ found that Plaintiff suffered from the following severe impairments: a disorder of the cervical spine, borderline intellectual functioning, and "possibly dysthmic disorder and anxiety." (A.R. 19-24.) At step three, the ALJ found that Plaintiff's impairments, while severe, did not meet any of the impairments listed in the social security regulations. (A.R. 24-25.) At step four, the ALJ found that Plaintiff had the residual functional capacity (RFC) to perform light work with an SVP of 2 or less that does not require more than occasion interaction with others. (A.R. 25-28.) Because Plaintiff does not have any past relevant work history, the ALJ passed over the rest of step four. (A.R. 28.) At step five, the ALJ found, given Plaintiff's age, education, work experience, and RFC, that there were jobs in significant numbers in the national economy that Plaintiff could perform. (A.R. 28-29.) Accordingly, the ALJ found that Plaintiff was not disabled within the meaning of the Act and, thus, was not entitled to benefits.

The Appeals Counsel declined Plaintiff's request for review of ALJ Ball's decision. (A.R. 7-13.) Thus, ALJ Ball's November 3, 2009 decision is the final administrative action for purposes of review.

---

of proof through steps one to four; the Social Security Administration has the burden of proof at step five. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

## II.  STANDARD OF REVIEW

The Court reviews the Commissioner's decision on Plaintiff's entitlement to disability benefits to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied. *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Id.*  "It requires more than a scintilla, but less than a preponderance."  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).  Evidence is not substantial if it is overwhelmed by other evidence in the record.  *Grogan v. Barnhart*, 399 F.3d 1257, 1261-62 (10th Cir. 2005).  In reviewing the Commissioner's decision, the Court may neither reweigh the evidence nor substitute its judgment for that of the agency.  *Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006).

The substantial evidence standard does not apply to any legal error in the Commissioner's decision.  "On the other hand, if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence."  *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

## III.  ANALYSIS

In this appeal, Plaintiff argues that, when fashioning her RFC, the ALJ improperly considered, weighed or disregarded much of the medical evidence.

The RFC is an assessment of the most a claimant can do despite his or her limitations. 20 C.F.R. § 404.1545(a)(1).  The RFC assessment is made by the ALJ

"based on all the relevant evidence in [the claimant's] case record." *Id.* Examples of the types of evidence required to be considered in making an RFC assessment are the claimant's medical history, medical signs and laboratory findings, and medical source statements. Soc. Sec. Ruling (SSR) 96-8p (July 2, 1996).

In fashioning an RFC, the Commissioner is required to consider all relevant medical opinions. 20 C.F.R. § 404.1527(d). "Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [claimant's] impairment(s) including [claimant's] symptoms, diagnosis and prognosis, what [claimant] can still do despite impairment(s), and [claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2). Included within the meaning of "acceptable medical sources" are licensed physicians, licensed or certified psychologists, licensed optometrists, licensed podiatrists, and qualified speech-language pathologists. *Id.*, § 404.1513(a)(1)-(5). Opinions of "other medical sources", such as nurse practitioners, physician's assistants, and licensed clinical social workers are, by definition, are not "medical opinions. *Id.* § 404.1513(d).

If a claimant provides a medical opinion from a treating source, the Commissioner may give controlling weight to that opinion. *Id.*, § 404.1527(d)(2). If the Commissioner chooses not to defer to the treating source, or there is no treating source in evidence, the Commissioner must weigh all of the following factors in deciding the weight to give each proffered medical opinion: (1) length of treatment relationship and

frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *Id.*, § 404.1527(d)(2)-(6); *see also Drapeau v. Massanari*, 255 F.3d 1211, 1213 (10th Cir. 2001). Opinions of "other medical sources" are not weighed in accordance with these factors. *Id.* These "other medical sources" cannot be used to establish an impairment but may be used when determining the severity of an impairment or how it affects the claimant's ability to function. Soc. Sec. Ruling (SSR) 06-03p (August 9, 2006).

Plaintiff argues that the ALJ erred in not considering as a medical opinion the March 10, 2009 "Mental Residual Functional Capacity Assessment" ("MRFCA"). (ECF No. 13 at 30-31.) The MRFCA was completed by Margaret Montoya, MSN, ANP, and signed by Dr. Lee McNabb, M.D. (A.R. 354-56.) It contains evaluations of Plaintiff's capacity to sustain various activities over a normal workday and workweek. (*Id.* at 354.) Amongst other things, the MRFCA provides that Plaintiff is "Markedly Limited" in her ability to "sustain an ordinary routine without special supervision", "make simple work-related decisions", and "accept instructions and respond appropriately to criticism from supervisors." (*Id.* at 354-55.)

In her decision, ALJ Ball stated that Ms. Montoya had completed the MRFCA; there was no mention of Dr. McNabb's participation or the fact that he had also signed the MRFCA. (A.R. 28.) The ALJ discussed the limitations expressed in the MRFCA and then stated:

> As previously noted, Ms. Montoya is not recognized as an acceptable source of medical evidence. Moreover, the limitations she assessed are not consistent with the treatment records, which establish that the claimant's mental status remained stable so long as she was medication compliant. Consequently, the undersigned has given no weight to Ms. Montoya's opinion.

(*Id.*)

Although the evaluation underlying the MRFCA was conducted by Ms. Montoya, who the ALJ correctly noted is not an acceptable medical source, it was signed by her supervising physician. (A.R. 356.) Because the MRFCA was signed by a licensed physician, the ALJ was required to treat it as a medical opinion. 20 C.F.R. § 404.1527(a)(2); *see also Jenkins v. Astrue*, 2009 WL 1010870, *10 (D. Kan. April 14, 2009) (form that was signed by nurse practitioner and supervising physician was a medical opinion). She did not do so.

In *Victory v. Barnhart*, 121 F. App'x 819 (10th Cir. 2005), the claimant had submitted reports from a doctor about his examination and treatment of the claimant. *Id.* at 825. The ALJ's decision denying benefits completely omitted the doctor's reports and opinions, and gave no reason for the omission. *Id.* The Tenth Circuit stated: "This was, of course, clear legal error." *Id.* (citing 20 C.F.R. § 404.1527(d) and 4116.927(d) ("Regardless of its source, we will evaluate ever medial opinion we receive"); SSR 96-5P ("[O]pinions from any medical source about issues reserved to the Commissioner

must never be ignored."). Based on this precedent, the Court finds that ALJ Ball's failure to consider the MRFCA as a medical opinion was error.

The Commissioner argues that the ALJ permissibly discounted Dr. McNabb's medical opinion because it was inconsistent with the rest of the record. (ECF No. 16 at 18.) While it is true that an ALJ is permitted to consider the consistency of a medical opinion with the rest of the evidentiary record, s*ee* 20 C.F.R. § 404.1527(d)(4), she must do so in the framework of the other factors outlined by the regulations. In this case, ALJ Ball did not consider the MRFCA as a medical opinion and, therefore, did not consider all of the required factors when determining what weight to give the opinion. Though one could speculate that ALJ Ball would have reached the same result had she applied the factors, that is not the Court's role in this action. The Court can evaluate the ALJ's decision "based solely on the reasons stated in the decision." *Robinson v. Barnhart*, 366 F.3d 1078, 1085 (10th Cir. 2004); *see also Daniell v. Astrue*, 384 F. App'x 798, 804 (10th Cir. 2010) (declining to rely on new evidence because the ALJ had not considered it in denying benefits); *Love v. Astrue*, 2011 WL 2670095, *7 (D. Colo. July 7, 2011) (district court may not rely on Commissioner's *post hoc* rationalization to affirm the ALJ's decision). ALJ Ball's decision shows that she did not consider the MRFCA as a medical opinion and this failure was error.

Because the ALJ failed to consider the MRFCA signed by Dr. McNabb as a medical opinion, the Court must remand this case. *Robinson*, 366 F.3d at 1085 (remanding when the ALJ did not "follow the correct legal standards in considering the opinion of claimant's . . . physician"); *Threet v. Barnhart*, 353 F.3d 1185, 1192 (10th Cir.

2003) (failure to consider all relevant evidence in accordance with the regulations necessitates remand).

Plaintiff raises five additional issues related to how ALJ Ball weighed and considered other medical evidence. Because the Court finds that the failure to consider the MRFCA as a medical opinion was error that alone requires remand, it need not address the other arguments raised by Plaintiff. *See Madrid v. Barnhart*, 447 F.3d 788, 792 (10th Cir. 2006) (when the ALJ's error affected the analysis as a whole, court declined to address other issues raised on appeal). The Court expresses no opinion as to Plaintiff's other arguments and neither party should take the Court's silence as tacit approval or disapproval of how the evidence was considered. The Court does not intend by this opinion to suggest the result that should be reached on remand; rather, the Court encourages the parties as well as the ALJ to consider the evidence and the issues anew.

## IV.  CONCLUSION

For the reasons set forth above, the Commissioner's decision is REVERSED and this case is REMANDED to the Commissioner for rehearing.

Dated this 14th day of December, 2011.

BY THE COURT:

William J. Martínez
United States District Judge