**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 10-cv-2007-WJM

AUDREY M. BACA,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412**

---

On December 14, 2011, the Court found that the Administrative Law Judge had failed to properly consider all of the medical evidence and remanded this action to the Commissioner for rehearing on all issues. (ECF No. 19.) Before the Court is Plaintiff's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("Motion"). (ECF No. 21.) For the reasons set forth below, the Motion is granted.

### I. LEGAL STANDARD

The Equal Access to Justice Act ("EAJA") requires that a court "award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . ., brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A). The

Commissioner has the burden of proving that its position was substantially justified. *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995). "The test for substantial justification in this circuit is one of reasonableness in law and fact." *Id.*

## II. ANALYSIS

The Court remanded this action to the Commissioner for further consideration because the Administrative Law Judge ("ALJ") failed to properly weigh a Mental Residual Functional Capacity Assessment ("MRFCA"). (ECF No. 19 at 7.) The ALJ stated that she was not considering the MRFCA as medical opinion because it was completed by a nurse practitioner and ultimately gave the document "no weight". (*Id.*) The Court found that the ALJ's refusal to consider the MRFCA as a medical opinion was error that required remand because the ALJ ignored the fact that a physician had signed the document, as well as the nurse practitioner. (*Id*. at 8.)

The Commissioner took the position that the ALJ did not err by giving no weight to the MRFCA because, aside from discounting its weight because it was completed by a nurse practitioner, the ALJ also found that the MFRCA's conclusions were inconsistent with the record. (ECF No. 16 at 18.) The Commissioner now argues that this position was reasonable and, therefore, Plaintiff is not entitled to attorney's fees under the EAJA. (ECF No. 22 at 7-8.)

The ALJ explicitly stated that she was not considering the MFRCA as a medical opinion because a nurse practitioner is not an acceptable medical sources. (A.R. 28.) The ALJ did not even mention the fact that a physician had also signed the MFRCA.

(*Id.*)  The Commissioner's position would have the Court overlook the ALJ's clear misapprehension of the record regarding who completed the form.  The Court cannot do so.  *Robinson v. Barnhart*, 36 F.3d 1078, 1085 (10th Cir. 2004) (the reviewing court may evaluate the ALJ's decision "based solely on the reasons stated in the decision.").

The established Tenth Circuit law is that the failure to consider a physician's report as a medical opinion is "clear legal error."  *Victory v. Barnhart*, 121 F. App'x 819 (10th Cir. 2005).   The record clearly shows that the ALJ did not consider the MFRCA as a medical opinion despite the fact that it was signed by a physician.  Therefore, the Court finds that the Commissioner's position was not substantially justified and Plaintiff is entitled to an award of attorney's fees.

Plaintiff requests attorney's fees in the amount of $8,066.62 for 46.0 hours of work at $175.00 per hour.  (ECF No. 23 at 14.)  The Commissioner takes no issue with the rate or with the expenses claims by Plaintiff.  Rather, the Commissioner argues that this amount of time expended by Plaintiff's attorney is unreasonable in light of the complexity of the case and the experience level of Plaintiff's attorney.  (ECF No. 22 at 9.)  The Commissioner contends that Plaintiff's attorney should have been able to complete this appeal in 30 hours of billable time.  (ECF No. 22 at 9.)

The Court disagrees.  Although the Court's remand order addressed only one issue because disposition of that issue alone required remand, Plaintiff's appeal raised a number of other issues.  Plaintiff's attorney was required to research and analyze each of these issues in preparing Plaintiff's opening and reply briefs.  While the record

in this case is not voluminous, it is also not insubstantial.  Therefore, the Court finds that the amount of time that Plaintiff's attorney expended was reasonable.

The Commissioner also argues that Plaintiff should not recover EAJA fees for administrative duties such as reviewing service of process, return of service, minute orders, and ECF Notices.  (ECF No. 22 at 8.)  The Court agrees with this contention and will reduce the amount requested by $262.50 (1.5 hours at $175/hour) as a result of the administrative tasks listed on Plaintiff's attorney billing sheet.  (ECF No. 21-1.)  Accordingly, the Court will award Plaintiff $7,804.12 ($8,066.62 - $262.50) in attorney's fees.

### III.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (ECF No. 21) is GRANTED;

2. Defendant shall pay to the Plaintiff attorney's fees under the Equal Access to Justice Act in the amount of $7,804.12.

Dated this 6th day of July, 2012.

BY THE COURT:

William J. Martínez
United States District Judge